IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., d/b/a LDS Hospital,<br><br>Plaintiff,<br><br>vs.<br><br>NESCO DESIGN CORPORATION, d/b/a Nesco Resource, and d/b/a Nesco Service Company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE<br><br><br><br>Case No. 2:08-CV-14 TS |

Defendant Nesco Design Corporation (Nesco) removed this case from state court alleging that Plaintiff IHC (IHC) seeks payments under an ERISA[1] qualified plan and, therefore, its claims are preempted under ERISA because Nesco's claims relate to an employee benefit plan.

IHC, a third party health care provider, moves to remand on the ground there is no federal question. IHC contends that its state law causes of action for breach of an oral

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

1

contract, promissory estoppel, breach of implied covenant of good faith and fair dealing, equitable estoppel and negligent misrepresentation are based upon the acts of Nesco "and or [its] agents" verifying coverage and agreeing to pay for the medical treatment provided by IHC.[2] IHC contends that under controlling case law from the Tenth Circuit, *Hospice of Metro Denver, Inc. v. Group Health Insurance of Oklahoma*,[3] as well as case law from this district, *Northern Utah HealthCare Corp. v BC Life & Health Insurance Company*,[4] "a third-party health care provider, who relies to its detriment on the misrepresentations of an insurer [as to coverage] is an outside party to an ERISA plan" whose "independent claims based upon state-common law" are not preempted.[5]

In considering whether this case should be remanded because there is no issue of federal law, the Court looks to IHC's complaint.

> Ordinarily, determining whether a particular case arises under federal law turns on the " 'well-pleaded complaint' " rule. The Court has explained that
> > "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."

---

[2] Docket No. 6-3, Complaint, at ¶¶ 16, 21 and 24 (alleging IHC relied on "promise of Defendants and/or Defendants' agent's promise to pay for the medical treatment"), 32 (alleging IHC relied on Defendants' and /or Defendants' agent's verification of coverage for the medical and related follow-up treatment").

[3] 944 F.2d 752 (10th Cir. 1991).

[4] 448 F.Supp. 1288 (D. Utah 2006).

[5] *Id*. at 1290 (citing *Hospice*, 944 F.2d at 756 and case law from the Fifth, Ninth and Eleventh Circuits).

In particular, the existence of a federal defense normally does not create statutory "arising under" jurisdiction, and "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." There is an exception, however, to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." ERISA is one of these statutes.[6]

The Court then turns to the Complaint. In addition to the allegations, cited above, regarding representations made by Nesco "and/or its agent" regarding coverage, the Complaint alleges as follows:

10. While treating Mr. Constantini, LDS Hospital obtained preauthorization from Humana, approving the treatment as medically necessary and approving the length of stay.

11. LDS received confirmation from that Mr. Constantini had coverage, effective January 1, 2003, carrying a $1,000 deductible.

12. After Mr. Constantini was treated and discharged, . . . Nesco has refused to pay for the treatment of Mr. Constantini.

13. LDS Hospital is seeking the remaining balance of $19,969.93 from Nesco . . . Nesco has refused to pay this bill because they claim that Mr. Constantini was not covered at the time of service.

14. Through this suit, LDS Hospital seeks the payments required under Nesco's Plan and schedules.

Nesco attempts to distinguish the rule announced in *Hospice* and followed in *Northern Utah* for several reasons. First, because in those cases the third party provider

---

[6]*Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-208 (2004) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983); *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); and *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

sued the entity that actually made the misrepresentations[7] and not the employer as in this case. In support, Nesco points out the Complaint does not allege a direct contact between IHC and Nesco. Instead it only alleges a direct contact between IHC and Humana. According to Nesco, Humana is the "third party administrator" of its plan.[8] According to IHC, Humana paid a portion of the bill as a settlement of IHC's claims against it.[9] Nesco contends that this court should follow the interpretation of *Hospice* made in *Via Christi Regional Medical Center Inc. v. Blue Cross and Blue Shield of Kansas*,[10] holding that the exception to the rule of presumption of ERISA preemption only applies to cases where the hospitalized individual was not covered by the ERISA plan.[11] According to Nesco, where there was part payment on the claim at issue in this case, *Hospice* does not apply.

IHC opposes the *Via Christi* interpretation and contends it is not applicable to this case because Nesco and Humana contend there is no coverage and any amounts paid by Humana on the claim were not under the plan, but were in settlement of IHC's state law claim against Humana.

---

[7] In *Hospice,* the third party provider sued the defendant insurance company. In *Northern Utah*, the third party provider sued the claims administrator.

[8] Defs.' Mem., at 6.

[9] Pl.s' Reply, at 3.

[10] 361 F.Supp.2d 1280 (D. Kan. 2005).

[11] *Id.,* at 1293-94.

The Court need not reach the application of the *Via Christi* interpretation of *Hospice* relied upon Nesco because it was rejected in *Northern Utah*.[12] The Court agrees with and adopts the reasoning of *Northern Utah*.

Second, Nesco also distinguishes *Northern Utah* on the grounds that in that case, the Complaint did not refer to the ERISA qualified plan. In this case, Nesco contends that IHC's Complaint at paragraph 14, quoted above, establishes that it is seeking benefits under the plan. IHC contends that it is not seeking payments under the plan and is not relying on an assignment of benefits. Therefore, Nesco contends that its claim is not related to an ERISA plan. Instead, it contends that its reference to the plan is for the purpose of establishing damages, which are limited by the amounts which would have been available had the alleged misrepresentation regarding coverage been correct.

The Tenth Circuit in *Hospice* made it clear that the fact of mere referral to the plan in a complaint or that any damages would need to be based upon the "amount of potential plan benefits," do not implicate the administration of the plan" and "are not consequential enough to relate" the claims to the plan for purposes of ERISA preemption.[13]

Although the language may be broad, the Court finds that paragraph 14's referral to plan benefits relates to damages only. The present case involves a claim based upon alleged representations regarding coverage rather than a claim for the actual plan benefits by a participant or a beneficiary. As in *Hospice*, the hospitalized party is "not a party to this

---

[12] 448 F.Supp.2d at 1291-92.

[13] 944 F.2d at 754-55.

action and his right to receive benefits under the plan is not in issue."[14]  Whether there is an agency relationship that can establish Nesco's liability for any such representations goes to the merits of the claims.  The Court finds the claims in the present case are not preempted under ERISA.  Because the Court finds that the case is not preempted under ERISA, there is not a claim under federal law.  It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 6) is GRANTED and this case is REMANDED.

DATED   June 6, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14]*Id*. at 754.